**STATE OF WISCONSIN**
**DEPARTMENT OF JUSTICE**

**Josh Kaul**
**Attorney General**

**17 W. Main Street**
**P.O. Box 7857**
**Madison, WI 53707-7857**
**www.doj.state.wi.us**

**Lynn K. Lodahl**
**Assistant Attorney General**
**lynn.lodahl@wisdoj.gov**
**608/264-6219**
**FAX 608/294-2907**

September 15, 2026

**VIA ECF**

Mr. Christopher G. Conway
Clerk of the United States Court of Appeals
for the Seventh Circuit
219 South Dearborn Street, Room 2722
Chicago, IL 60604

Re: *Melgaard v. Wis. Dep't of Nat. Res., et al.*
Case No. 25-3275
Response to Appellant's September 11, 2026, Rule 28(j) Letter

Dear Mr. Conway:

I write to respond to Appellant's Rule 28(j) letter regarding *Golbert v. Smith*, __ F.4th __, 2026 WL 2640471 (7th Cir. Sept. 8, 2026).

*Golbert* "summarize[s] what a court might look for as indicia" when identifying individual-capacity versus official-capacity claims. *Id.* at *3–6. But its broad discussion of general principles sheds little light here. Because the claims here arose in the state employment context, they are governed by *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003), and *Haynes v. Ind. Univ.*, 902 F.3d 724, 731–32 (7th Cir. 2018). *Golbert* did not cite or rely on those cases.

*Golbert* acknowledges that context matters. In considering claims against state officials, "a court must evaluate the complaint in its entirety, considering the alleged conduct and the course of the proceedings" and, in doing so, "consider whether the claim, although labeled a personal-capacity claim, is substantially against the state." *Golbert*, 2026 WL 2640471, at *4. Here, the context is state employment. Under *Omosegbon* and *Haynes*, when a state employee sues his supervisor for compensatory damages to recover lost wages resulting from the termination of his state employment contract, his claims are likely

against the state. (Appellees' Br. 37–41.) Nothing in *Golbert* conflicts with the employment-specific holdings in *Omosegbon* and *Haynes*.

When *Golbert* quoted *Lewis v. Clarke*, 581 U.S. 155, 165 (2017), to say that "[t]he critical inquiry is who may be legally bound by the court's adverse judgment, not who will ultimately pick up the tab," *Golbert*, 2026 WL 2640471, at *5 (alteration in original), it was not suggesting that this factor is determinative. If it were so, this Court would not have found the state to be the real party in interest when evaluating the individual-capacity claims in *Omosegbon* and *Haynes*. Instead, the Court was quoting *Lewis* for the uncontested premise that a state's choice to indemnify the official "is not, on its own, indicative of an official-capacity suit." *Golbert*, 2026 WL 2640471, at *5.

Sincerely,

Electronically signed by:

s/ Lynn K. Lodahl
Lynn K. Lodahl
Assistant Attorney General

LKL:ajl

cc: Counsel of Record (via ECF)